Case 7:14-cv-00471   Document 18   Filed in TXSD on 06/13/16   Page 1 of 11

United States District Court
Southern District of Texas

**ENTERED**
June 13, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| EUGENIO ESPINOZA MARTINEZ, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 7:14-CV-471 |
| | § | |
| HIDALGO COUNTY, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## REPORT AND RECOMMENDATION

Plaintiff Eugenio Espinoza Martinez, a state prisoner proceeding pro se, initiated this action in May 2014 by filing a civil rights complaint pursuant to 42 U.S.C. § 1983. (Docket No. 1.) At the time of his criminal conviction on November 17, 2010, Plaintiff was being held in custody at the Hidalgo County Jail in Edinburg, Texas. Plaintiff alleges that Hidalgo County and three county officials violated his constitutional right of access to the courts by denying him use of the jail's law library in November and December 2010.

The Defendants have filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (Docket No. 12.) Defendants contend (among other things) that Plaintiff's claim is barred by the statute of limitations, that his allegations do not establish a violation of his constitutional rights, and that he failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act.

After carefully considering the pleadings on file and the applicable law, the undersigned concludes that Defendants' motion to dismiss should be granted. As discussed below, Plaintiff's allegations conclusively show that his claim is barred by the applicable statute of limitations. Because Plaintiff's claim is clearly time barred, it is unnecessary to address the other grounds for

dismissal asserted by the Defendants. Accordingly, the undersigned recommends that the District Court grant Defendants' motion and dismiss this action.

## I. BACKGROUND

The following facts are taken from the allegations in Plaintiff's Complaint. (Docket No. 1.) These allegations must be assumed to be true for purposes of Defendants' motion to dismiss. *See Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982) (in considering a Rule 12(b)(6) motion to dismiss, courts generally "must accept as true all well pleaded facts in the complaint").

Plaintiff was held in custody at the Hidalgo County Jail from May 3, 2010, to January 19, 2011, pending the resolution of criminal charges brought against him in state court. On November 17, 2010, Plaintiff was convicted and sentenced in his criminal case. Plaintiff was then abandoned by his court appointed attorney. After returning to the jail, Plaintiff inquired with "a high ranking officer" whether he could appeal his case. The officer told Plaintiff that he had 30 days in which to file an appeal.

At Plaintiff's request, his mother and sister attempted to contact his attorney to inform him that Plaintiff wanted to appeal his conviction. After several unsuccessful attempts, Plaintiff's sister spoke with the attorney's secretary, who told his sister that he could not appeal. Confused by this information, Plaintiff was nevertheless "desperate to meet the 30-day deadline to appeal his conviction."

Between November 17, 2010, and December 20, 2010, Plaintiff submitted three requests to jail officials to be allowed to use the law library in order to appeal his criminal conviction. All three requests were denied. The last two denials noted that Plaintiff should contact his attorney.

"[I]n desperation to meet the 30-day deadline," Plaintiff "misconstrued" a state habeas application as an appeal. He filled out a habeas application using a form provided to him by his sister. Plaintiff also wrote a letter to the state court district judge requesting an appeal of his conviction. Still determined to meet the 30-day deadline, Plaintiff then sent his family to deliver the letter and the completed habeas application to the state court judge. The judge's secretary refused to accept the papers and directed his family to the court clerk. Ultimately, the state court clerk filed the completed habeas application and designated Plaintiff's letter as a memorandum in support of the application.

On January 19, 2011, Plaintiff was transferred to the Texas Department of Criminal Justice Institutional Division. He was initially moved to a transfer facility that did not have a full law library. By June 5, 2011, Plaintiff had arrived at the Byrd Unit, which had a complete law library. From his research at the Byrd Unit, Plaintiff learned that "an 11.07 [state habeas application] [is] not considered an appeal," and he also learned about "the consequences of the 'one writ rule.'" Upon learning these things, Plaintiff "immediately" sought to file papers to correct the "misfiling" of his initial state habeas application. This effort was hampered by his transfer to another unit (Coffield), where his time at the law library was interrupted by a 30-day unit lockdown. Although Plaintiff was researching ways to correct his "misfiled application," these "attempts were unsuccessful as the application was denied on June 22, 2011." Plaintiff received notice of the denial about a month after it was entered.

After Plaintiff was transferred to another unit in late July 2011, he researched the procedure for submitting a subsequent state habeas application. Among other types of relief, Plaintiff intended to seek an out-of-time appeal. About two years later, on July 1, 2013, Plaintiff

filed his second state habeas application, which was denied on August 31, 2013. Plaintiff received notice of the denial in September 2013.

About eight months later, on May 16, 2014, Plaintiff filed his Complaint in the instant case.[1] (Docket No. 1.) Plaintiff named four Defendants: Hidalgo County, Hidalgo County Sheriff, Hidalgo County Jail Commander, and Hidalgo County Jail Law Library Supervisor. Plaintiff alleges that "Defendants denied Plaintiff access to courts by way of denying his requests to attend and use the Hidalgo County Jail law library. This caused actual injury by hindering Plaintiff in perfecting his criminal appeal and denying him the legal resources needed in making proper filings with the Courts." (*Id*. at 4.)

In responding to the Complaint, Defendants filed the pending Rule 12(b)(6) motion to dismiss for failure to state a claim. (Docket No. 12.) Defendants seek to dismiss Plaintiff's claim on the following grounds:

- His claim is barred by the statute of limitations;

- Plaintiff's allegations do not establish a violation of his constitutional rights;

- Plaintiff failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act (42 U.S.C. § 1997e(a));

- his claim against the individual Defendants in their official capacity should be dismissed as redundant since Plaintiff also named Hidalgo County as a Defendant; and

---

[1] The Complaint was received by the Clerk on May 21, 2014, and it was initially opened as a miscellaneous action on that date, pending a ruling on Plaintiff's application to proceed in forma pauperis. (7:14-mc-868, Docket No. 1.) Magistrate Judge Ramos granted Plaintiff IFP status and ordered the Clerk to file his Complaint as a civil action, which was done on June 10, 2014. In accordance with the prisoner mailbox rule, a pro se prisoner's § 1983 complaint is deemed filed as soon as the prisoner deposits it into the prison mail system. *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995) (citing *Houston v. Lack*, 487 U.S. 266 (1988)). For purposes of this report, it will be assumed that Plaintiff delivered his Complaint to prison authorities for mailing on the same day that he signed it, May 16, 2014.

- Plaintiff's claim against the individual Defendants in their individual capacities should be dismissed because Plaintiff failed to name these Defendants before the statute of limitations expired.

(*Id*. at 3.)

Although Plaintiff was granted two extensions of time in which to file a response to Defendants' motion to dismiss, he did not file a timely response to the motion. (Docket Nos. 14, 17.) In all, Plaintiff had about four months in which to file his response. Nevertheless, given Plaintiff's pro se status, Defendants' motion will be considered on its merits in light of the strict standard that applies in considering motions to dismiss under Rule 12(b)(6).

## II. ANALYSIS

A.  **Motion to Dismiss Standard**

In moving to dismiss, Defendants invoke Rule 12(b)(6) of the Federal Rules of Civil Procedure. In considering a Rule 12(b)(6) motion, courts generally must accept the factual allegations contained in the complaint as true. *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.,* 677 F.2d 1045, 1050 (5th Cir. 1982). Under the Rule 12(b)(6) standard, a court cannot look beyond the pleadings. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). The court must accept well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Baker*, 75 F.3d at 196.

As the Supreme Court has explained, "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief." *Jones v. Bock,* 549 U.S. 199, 215 (2007). "A statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred and the

pleadings fail to raise some basis for tolling or the like." *King-White v. Humble Indep. Sch. Dist.*, 803 F.3d 754, 758 (5th Cir. 2015) (quoting *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003)).

B. **Statute of Limitations**

Defendants argue that Plaintiff's claim alleging denial of access to the courts is barred by the applicable two-year statute of limitations. (Docket No. 12, at 5-6.) Plaintiff anticipated a statute of limitations defense in his Complaint and provided legal argument on this issue. (Docket No. 1, at 8-12.)[2]

"The statute of limitations for a suit brought under § 1983 is determined by the general statute of limitations governing personal injuries in the forum state. *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001) (citing *Pete v. Metcalfe,* 8 F.3d 214, 217 (5th Cir. 1993)) ("*Piotrowski II*"). The Fifth Circuit has "recognized that Texas's two-year statute of limitations for personal injury actions applies to § 1983 claims filed in the state." *King-White*, 803 F.3d at 759 (citing *Piotrowski v. City of Houston*, 51 F.3d 512, 515 n.5 (5th Cir. 1995) ("*Piotrowski I*")).

Plaintiff agrees with Defendants that a two-year statute of limitations applies to his § 1983 claim. (Docket No. 1, at 10.) However, the parties disagree on when his claim accrued so that the limitations period began to run. Defendants contend that Plaintiff's claim accrued, at the latest, in July 2011 when he learned that his state habeas application had been denied; as a result, the two-year limitations period expired in July 2013, which was long before Plaintiff filed his

---

[2] Plaintiff filed two versions of his Complaint, which the Clerk docketed together. (Docket No. 1.) The first version uses the standard form for prisoner civil rights complaints and is shorter (*id*. at 1-5); the second version is in the format of a typical pleading and includes more detailed factual allegations as well as some legal argument (*id*. at 6-16). In this report, the page cites for the longer version of Plaintiff's Complaint refer to the page designations assigned by the electronic docket.

Complaint in May 2014.  (Docket No. 12, at 6.)  Plaintiff argues that his claim did not accrue until December 2013 when he learned that his second habeas application had been denied and "discovered" that an "actual injury" had occurred.  (Docket No. 1, at 8-9.)

In *Piotrowski II*, the Fifth Circuit explained the accrual standard for § 1983 claims:

> Accrual of a § 1983 claim is governed by federal law: "Under federal law, the [limitations] period begins to run 'the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured.'" *Russell v. Bd. of Trustees,* 968 F.2d 489, 493 (5th Cir. 1992) (quoting *Helton v. Clements,* 832 F.2d 332, 335 (5th Cir. 1987)), cert. denied, 507 U.S. 914, 113 S. Ct. 1266, 122 L.Ed.2d 662 (1993). A plaintiff's awareness encompasses two elements: "(1) The existence of the injury; and (2) causation, that is, the connection between the injury and the defendant's actions." *Piotrowski I,* 51 F.3d at 516. A plaintiff need not know that she has a legal cause of action; she need know only the facts that would ultimately support a claim. *See Harrison v. United States,* 708 F.2d 1023, 1027 (5th Cir. 1983). Actual knowledge is not required "if the circumstances would lead a reasonable person to investigate further." *Piotrowski I,* 51 F.3d at 516.

*Piotrowski II*, 237 F.3d at 576 (footnote omitted).

Here, Plaintiff claims that the Defendants violated his constitutional right of access to the courts by denying him use of the law library at a time when he was attempting to pursue a direct appeal in his criminal case.  He was convicted and sentenced on November 17, 2010, and Plaintiff was "desperate" to file his appeal within the required 30-day period after his conviction.[3]  During that 30-day period, from November 17, 2010, to December 17, 2010, Defendants denied Plaintiff access to the jail law library three times.  Plaintiff alleges that, being confused and lacking access to the law library, he mistakenly filed a state habeas application during the 30-day period in which he could have filed a notice of appeal.

---

[3] Plaintiff states that a high ranking jail official informed him that he had 30 days in which to file an appeal.  Whatever the source of this information, it was correct.  *See* TEX. R. APP. P. 26.2(a)(1) (notice of appeal timely filed 30 days after the entry of sentence).

Defendants' action in denying Plaintiff use of the law library is the conduct that forms the basis of Plaintiff's claim. Defendants' third—and final—denial of Plaintiff's request occurred by December 17, 2010, and Plaintiff certainly knew at the time that he had been denied use of the Hidalgo County Jail law library. However, the limitations period did not begin to run until Plaintiff became aware that he had been "injured" in a manner that would support his claim.[4] *Piotrowski II*, 237 F.3d at 576. To prevail on a claim of denial of access to the courts, a prisoner must show actual injury. *Lewis v. Casey,* 518 U.S. 343, 349–52 (1996). Such an injury occurs when the prisoner "shows that an actionable claim ... which he desired to bring has been lost or rejected, or that the presentation of such a claim is currently being prevented." *Id.* at 356. Although Plaintiff knew by December 2010 that the Defendants had denied him access to the law library, he arguably did not yet know that he had lost his right to a direct appeal. Initially, Plaintiff may have mistakenly believed that his state habeas application was an appeal.

Any such misunderstanding was dispelled by June 2011. As Plaintiff states in his Complaint, he learned from his research at the Byrd Unit in June 2011 that his state habeas application was not an appeal. (Docket No. 1, at 8.) Plaintiff's attempts to correct the misfiled habeas application "were unsuccessful as the application was denied on June 22, 2011." (*Id.*) About a month later, in July 2011, Plaintiff received actual notice that his habeas application had been denied. (*Id.*)

In *Piotrowski II*, the Fifth Circuit identified two elements of a plaintiff's awareness that he has suffered an injury: 1) existence of the injury; and 2) causation. *See Piotrowski II*, 237

---

[4] Prisoners have no "abstract, freestanding right to a law library or legal assistance." *Lewis v. Casey,* 518 U.S. 343, 351 (1996). They do have a constitutional right of access to the courts. *Bounds v. Smith,* 430 U.S. 817, 821 (1977). "[T]he fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Id.* at 828.

F.3d at 576. Here, both elements of Plaintiff's awareness of the injury were satisfied by July 2011: 1) Plaintiff knew by then that his habeas application was not an appeal and that he had missed the 30-day deadline in which to file a notice of appeal; and 2) he knew that the Defendants' refusal to allow him to use the law library at the Hidalgo County Jail contributed to the loss of his opportunity to pursue a direct appeal. *Id.* Because Plaintiff became aware that he suffered an injury by no later than about July 22, 2011, the two-year statute of limitations expired on about July 22, 2013. Plaintiff's Complaint filed on May 16, 2014, is thus time barred.

Plaintiff argues that his claim against the Defendants did not accrue until December 3, 2013, when he "discovered that 'actual injury' had occurred when his subsequent writ had been dismissed based on the initial writ."[5] (Docket No. 1, at 9.) Plaintiff attempts to extend the accrual date of his claim against the Defendants by linking the denial of his second state habeas application with the denial of his first application. He argues that he would not have filed his first habeas application but for "Plaintiff's complete denial of legal resources to guide his initial intent to pursue his direct appeal." (*Id*.)

While it may be true that the Texas Court of Criminal Appeals denied Plaintiff's second habeas application because it was procedurally barred as a result of his first application, such a ruling would have no effect on the accrual date of Plaintiff's claim under the circumstances of this case. As Plaintiff states in his Complaint, he learned from his research in June 2011 that his first habeas application was "not considered an appeal," and he also learned about "the consequences of the 'one writ rule.'" (*Id*. at 8.) Plaintiff's claim of denial of access to the courts

---

[5] Plaintiff states that he filed his second application on July 1, 2013, and that it was dismissed on August 31, 2013. (Docket No. 1, at 8.) "Plaintiff received notice of dismissal early to mid September 2013." (*Id*.) It is unclear why he points to December 3, 2013, as the date on which his claim accrued (as opposed to a date in September 2013 when he received notice of the denial of his second application).

accrued at that time because Plaintiff was aware by then both that he had been injured (by the loss or impairment of his right to appeal) and that the Defendants' action in denying him use of the law library contributed to his injury. *Piotrowski II*, 237 F.3d at 576. At most, the denial of Plaintiff's second habeas application in August 2013 re-confirmed what he knew in June 2011 (if not before): he had lost his opportunity to appeal his criminal conviction by failing to file a notice of appeal within 30 days after he was sentenced. As the Fifth Circuit has explained, "[a] plaintiff need not know that [he] has a legal cause of action; [he] need know only the facts that would ultimately support a claim." *Id*. (citing *Harrison v. United States*, 708 F.2d 1023, 1027 (5th Cir. 1983)).

Plaintiff became aware of his alleged injury by no later than July 2011, and the two-year statute of limitations began to run at that time.[6] Plaintiff's Complaint filed on May 16, 2014, is

---

[6] Given Plaintiff's pro se status, it is appropriate to consider whether his pleadings suggest a basis for equitable tolling. In § 1983 cases, state equitable tolling principles apply. *King-White v. Humble Indep. Sch. Dist.*, 803 F.3d 754, 764 (5th Cir. 2015). Texas law recognizes the discovery rule and fraudulent concealment as bases for equitable tolling. *Id*. But neither of these would establish a basis for tolling in this case. The discovery rule provides a "very limited exception to statutes of limitations." *Id*. (quoting *Computer Assocs. Int'l, Inc. v. Altai, Inc.,* 918 S.W.2d 453, 455 (Tex. 1996)). "The discovery rule exception operates to defer accrual of a cause of action until the plaintiff knows or, by exercising reasonable diligence, should know of the facts giving rise to the claim." *Wagner & Brown, Ltd. v. Horwood*, 58 S.W.3d 732, 734 (Tex. 2001). For the reasons explained above, here Plaintiff knew or should have known the facts giving rise to his claim by July 2011. The discovery rule does not help Plaintiff. Likewise, the fraudulent concealment doctrine does not apply. As the Fifth Circuit explained:
> In Texas, defendants are estopped from relying on limitations if they are "under a duty to make disclosure but fraudulently conceal[ ] the existence of a cause of action from the party to whom it belongs." *Borderlon v. Peck,* 661 S.W.2d 907, 908 (Tex. 1983). "The estoppel effect of fraudulent concealment ends," however, "when a party learns of facts, conditions, or circumstances which would cause a reasonably prudent person to make inquiry, which, if pursued, would lead to discovery of the concealed cause of action." *Id.* at 909.

*King-White*, 803 F.3d at 764. Here, there is no indication that the Defendants concealed anything that they were under a duty to disclose. Apart from that, any fraudulent concealment would have ended by July 2011 when Plaintiff knew the facts and circumstances supporting his claim. In short, Plaintiff's pleadings reveal no basis for equitable tolling.

10

time barred. Because it is clear from the face of Plaintiff's Complaint that his § 1983 action is barred by the statute of limitations, it is unnecessary to address the other grounds for dismissal urged in Defendants' motion.

### III. CONCLUSION

For the foregoing reasons, the undersigned respectfully recommends that Defendants' motion to dismiss (Docket No. 12) be GRANTED and that this action be DISMISSED.

### NOTICE TO THE PARTIES

The Clerk shall send copies of this Report and Recommendation to Plaintiff and counsel for Defendants, who have fourteen (14) days after receipt thereof to file written objections pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in this Report and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

DONE at McAllen, Texas on June 13, 2016.

Peter E. Ormsby
United States Magistrate Judge